IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| JAMES BURNETT, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-664 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE | § | |
| and BRENDA PHILLIPS, | § | |
| | § | DEMAND FOR JURY TRIAL |
| *Defendants* | | |
| . | | |


## ORIGINAL COMPLAINT

1.     This action concerns Defendants' unlawful and tortious employment acts against Plaintiff, who was an employee of Defendant Texas Department of Criminal Justice ("TDCJ"). Defendants' conduct was tortious under many common-law causes of action.  Defendants' conduct also violated many statutes, including but are not limited to:

- Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII");

- Texas Labor Code Ch. 21, also known as the Texas Commission on Human Rights Act ("TCHRA");

- 42 U.S.C. § 1983;

- the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

- the Equal Protection Clause of the Texas Constitution, Art. I, § 3.

2.     Plaintiff was subjected to sexual harassment and a hostile working environment and then was retaliated against for complaining about same.

3.     Defendants' actions as alleged herein constitute a continuing violation.

4.     Defendant Brenda Phillips is an employee of TDJC and first line supervisor above Plaintiff.

5.     Plaintiff satisfactorily performed his job duties at all times during his employment.

6.     The incidents described herein occurred in Huntsville, Texas.

## PARTIES

7.     Plaintiff James Burnett is a resident of Louisiana.

8.     Defendant Texas Department of Criminal Justice ("TDCJ") is a is an agency of the state of Texas located in Austin, Travis County, Texas,  and pursuant to Tex. Gov't Code § 492.010, Defendant TDCJ may be served with process through Brad Livingston, TDCJ Executive Director, Texas Department of Criminal

Justice, 209 West 14th Street, 5th Floor, Price Daniel Building, Austin, TX 78701.

9.      At all relevant times, Defendant TDCJ has continuously been and is now doing business in the state of Texas, Walker county, and the city of Huntsville, Texas and has continuously had at least 15 employees, in fact more than 500 employees.

10.     At all relevant times, Defendant TDCJ has continuously been an employer engaged in an industry affecting commerce under §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e- (b), (g) and (h).

11.     Defendant, Texas Department of Criminal Justice (TDCJ), is an agency of the state of Texas located in Austin, Travis County, Texas. Defendant, TDCJ, is an "employer" as defined by Texas Labor Code §21.002.

12.     Whenever in this Complaint it is alleged that TDCJ committed any act or omission ("conduct" as used herein includes acts and omissions), it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or consent of Defendant or was done in the course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

13.     Defendant Brenda Phillips is a resident of Texas and may be served at her place of employment at Texas Department of Criminal Justice, Estelle Unit,

264 FM 3478, Huntsville, TX 77320-3320; or wherever she may be found.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction in this case under 28 U.S.C. § 1331 because claims herein arise under laws of the United States:

- Title VII of the Civil Rights Act of 1964, as amended,

- 42 U.S.C. § 2000e, *et seq*.

- 28 U.S.C. §451, 1331, 1337, 1343, 1345.

- This action is authorized and instituted pursuant to § 706(1)(f) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"),

- § 2000e-5(f)(3) because alleged unlawful employment practices were committed in this district,

- 42 U.S.C § 2000e-5(f) (1) and (3), and

- § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

15.     Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transactions or occurrences, having the same common nucleus of operative facts, as Plaintiff's federal law claim.

16.     The Plaintiff worked for defendant at its location in Huntsville, Walker County, Texas, within this district and the herein-alleged Defendants'

conduct occurred in that county.

17.     The Court also has jurisdiction to hear this matter under the Texas Commission on Human Rights Act ("TCHRA"), which expressly waives sovereign immunity otherwise enjoyed by Texas municipalities for lawsuits involving employment discrimination and retaliation. Similarly, sovereign immunity is abrogated by 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 12202 ("ADA"), 29 U.S.C. § 2601 et seq. ("FMLA"), and 42 U.S.C. § 1983 ("§ 1983"), which allow direct claims against municipalities.

18.     This Court has jurisdiction over all claims in this action.

19.     This Court has personal jurisdiction over Defendants because Defendants maintain sufficient minimum contacts with the state of Texas and this judicial district.  This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with the state of Texas and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

20.     Venue is proper in this judicial district, under 28 U.S.C. § 1391(b) because the acts, omissions, and events giving rise to the herein-alleged causes of action occurred in this judicial district.

21.     Venue is proper in this district, pursuant to 42 U.S.C. § 2000e(5) because it is the district in which the unlawful employment    practice    was

committed, the judicial district in which the employment records relevant to such practice are maintained and administered, and the judicial district in which the aggrieved person worked or would have worked but for the alleged unlawful employment practice.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

22.    All conditions precedent to the institution of this lawsuit have been fulfilled. Plaintiff timely filed charges of discrimination regarding the herein-alleged conduct with the Texas Workforce Commission ("TWC"), Civil Rights Division, and because of a "Work-sharing Agreement" between the two agencies, filing a complaint with the TWC also equates to filing with the Equal Employment Opportunity Commission ("EEOC"). *Cisneros v. DAKM, Inc.*, Civ. Act. No. 7:13-CV-556, 2014 U.S. Dist. LEXIS 8160, at *6 (S.D. Tex. Jan. 23, 2014). Those charges were filed more than 180 days prior to Plaintiff filing this lawsuit and less than two years prior to Plaintiff filing this lawsuit.

23.    Plaintiff requested a right to sue letter on multiple occasions and each time he was denied the request. On March 11, 2016 at 4:51 P.M. the Texas Workforce Commission issued a Right to file Civil Suit to Plaintiff.

## STATEMENT OF CLAIMS

24.     Plaintiff began working for Defendant TDCJ as a Correctional Officer in October 2012.

25.     From August 1, 2013 to January 14, 2014, Defendant Sergeant Brenda Phillips ("Defendant Sgt. Phillips") sexually harassed Plaintiff.   Defendant Sgt. Philips was Plaintiff's first line supervisor and he feared some form of retaliation. He avoided the Sergeant and walked away from her when she made her advances towards him.

26.     Sometime on the night of August 30th or the morning of the 31st, 2013, Sgt. Phillips reached into his pocket and grabbed his groin.   Plaintiff pulled away from Phillips and left the area.

27.     He felt sick from the embarrassment so he went to the medical department and told the on-duty nurse how he was feeling sick.   The nurse examined him and said his blood pressure was up and he needed to calm down.   He went to the searchers desk and tried to calm down.   This was the first physical reaction to the unwanted sexual harassment.

28.     Within an hour, Plaintiff and Officer J. Little, who said Defendant Sgt. Phillips had acted similarly toward him, reported Defendant Sgt. Phillips' actions to Sgt. Gundacker who said he would to report it to Lieutenant Burleyson.

29.     Sergeant Gundacker stated he reported the conduct to Lieutenant Burleyson.

30.     Lieutenant Burleyson claimed it was hearsay and not reportable.

31.     Having reported the incident to a superior officer, Plaintiff hoped that there would be no further similar interactions with Phillips.

32.     The sexual harassment continued through the remainder of August and throughout September.

33.     Plaintiff subsequently filed an internal EEO complaint on September 18, 2013.  Defendant TDCJ's internal investigative documents dated September 20, 2013, showed that its intake officer suggested Plaintiff's claim be referred to internal fact finding for a possible violation of PD-22, Rule #50 (Discourteous Conduct of a Sexual Nature) or PD-13 (Sexual Harassment and Discourteous Conduct of a Sexual Nature).

34.     The sexual harassment continued even after the complaint was filed.

35.     Defendant Sgt. Phillips "fished" keys out of Plaintiff's pocket without asking him for them.

36.     Defendant Sgt. Phillips stuck her right hand inside Plaintiff's right pocket, and then grabbed Plaintiff's butt on the outside with her left hand.

37.     Defendant Sgt. Phillips would rub her right hip against Plaintiff's left hip and stand close and rub against him.

38.     Defendant Sgt. Phillips reached over and grabbed his belt in the front of his pants reaching inside the belt, trying to pull his belt off, laughing the whole

time.

39.     Defendant Sgt. Phillips asked Plaintiff if he thought anyone would say anything if she threw him down in the hallway and raped him.

40.     Defendant Sgt. Phillips told Plaintiff, "Boy, if you only knew what I could do to you."

41.     Defendant Sgt. Phillips did these things in front of other employees as well as prisoners which undermined his authority and, thus, safety as a guard and further humiliated him when the prisoners made comments about the harassment.

42.     The employee witnesses include Officers Anthony Valenti, and Ian Hollera who reported that they witnessed Phillips grab Plaintiff's buttocks and genitals.   Officers J. Little, K. Cooksey, G. Broudeau, and K. Lewis provided witness statements.

43.     Plaintiff complained to Lieutenant Landrum, Sergeant Gundacker, Captain Burleyson and Captain Norman.

44.     To add to the humiliation, Plaintiff was required to attend sexual harassment training with Defendant Sgt. Phillips as the instructor.

45.     Captain Norman stated he knew what was going on and waited for Plaintiff in the parking lot so Plaintiff would not be alone with Defendant Sgt. Phillips. He later told Plaintiff after being notified that Plaintiff would be interviewed by an EEO investigator that Plaintiff should make sure to tell the truth.

46.     The first trip to the hospital occurred after Plaintiff had once again been subjected to the sexual assault by Defendant Sergeant Phillips. Plaintiff passed out and was taken to Huntsville Memorial Hospital. When the hospital questioned Plaintiff about payment for services, the employee with Plaintiff contacted the unit and the shift supervisor, Lieutenant D. Landrum, who said the episode, was not a work related illness and that a workers compensation report would not be filed. Plaintiff incurred the expense for the medical service.

47.     Human resources notified Plaintiff that they were investigating his complaint after that incident.

48.     During the next month the rumors began that Plaintiff, a man had filed a sexual harassment claim against Defendant Sgt. Phillips. Plaintiff believed that only the supervisors were aware of the report to the EEO section. Plaintiff informed the EEO Investigator that the supervisors were talking about the situation and were making comments to Plaintiff. He was embarrassed and humiliated.

49.     On November 4th, Plaintiff was confronted by another correctional officer at an annual in-service training/ fitness test. The officer asked about the situation, which Plaintiff thought was confidential, focusing on how a man could be sexually harassed by a woman. Plaintiff once again felt an extreme amount of humiliation and extreme stress which caused him to pass out.

50.     Plaintiff was taken to Huntsville Memorial Hospital via ambulance.

Warden C. Lacox and Captain J. Burleyson were there at the emergency room, and Plaintiff did not feel comfortable speaking with the doctor concerning what he believed to cause his stress for fear of retaliation for blaming a supervisor as the cause of his condition.

51.     Sergeant A. Dillard arrived and completed the required workers compensation packet and Plaintiff told Dillard that he thought his illness was related to the questioning by other staff about the sexual harassment. Sergeant Dillard claimed she had reported the harassment and that he was to tell any who asked about it to mind their own business.

52.     After the required documents were completed, the Texas Department of Criminal Justice (TDCJ) officials left the hospital. Plaintiff was admitted overnight and was not further evaluated by a doctor until the next morning when he felt comfortable enough to speak frankly to the physician about what he believed was happening to him.

53.     Plaintiff returned to full duty on November 8, 2013.

54.     Workers' Compensation denied his claim on November 13, 2013.

55.     The harassment continued in a variety of forms specifically expanding to comments like "you know you like it," from other officers as well as comments from the prisoners which were especially devastating because it undermined his authority with them.

56.     Plaintiff suffered from intense anxiety and fear of returning to work each day.

57.     On December 7, 2013, Plaintiff became so anxious and afraid of returning to work that while he was driving to work "blacked out" and flipped his truck several times. Plaintiff's back was broken in the accident and now has a steel rod to stabilize his back.

58.     Plaintiff sought the help of a psychologist and worked to put all of the pain behind him.

59.     Plaintiff thought it was behind him but Human resources once again contacted Plaintiff and told him they were reinvestigating the allegations because they had "messed up."

60.     The pain and anxiety returned with the phone calls from the investigator who asked the same questions made him relive the harassment.

61.     When he asked why he had to go through all of this all over again they told him that they had "messed up" the first investigation.

62.     Plaintiff filed complaint with TWC on March 14, 2014.

63.     Plaintiff continues to have sleep issues and he is permanently disabled because of the accident.

64.     Defendant TDJC turned a blind eye to the harassment and to add insult to injury, Plaintiff was humiliated when a friend told him the Warden's

secretary gossiped about the whole situation at a Girl Scout Leaders' Meeting.

65.     TWC's finding of cause is attached as Exhibit 1 and the findings are incorporated here.

## CAUSES OF ACTION

**A.     Violation of Title VII (42 U.S.C. § 2000e–2(a)) by Sexual Harassment and Hostile Work Environment.**

66.     The preceding paragraphs are incorporated herein as if set forth in full.

67.     Plaintiff is an employee protected under Title VII, 42 U.S.C. § 2000e (f).

68.     Defendant TDCJ is an employer within the meaning of Title VII, 42 U.S.C. § 2000e (b).

69.     Defendant Phillips is an employee of Defendant TDCJ at all time relevant.

70.     Defendants intentionally engaged in unlawful employment practices involving Plaintiff because he is a male.

71.     Defendants subjected Plaintiff to severe sexual harassment based on his sex during his employment with TDCJ that was both offensive and unwelcome.

72.     Defendant intentionally discriminated against Plaintiff by creating a sexually hostile work environment.

73. Any reasonable person would have felt that he was being subjected to a sexually hostile work environment because of Defendants' conduct.

74. The sexual harassment altered a term, condition or privilege of Plaintiff's employment and altered a term, condition or privilege of his employment.

75. Defendants failed to take any corrective actions to remedy the sexually hostile work environment to which Plaintiff was exposed after having notice, through Plaintiff's as well as others' complaints, of the sexual harassment. Defendants knew or should have known of the harassment but failed to take reasonable, prompt, remedial action to eliminate it

76. Defendants did not exercise reasonable care to prevent and cure allegations of sexual harassment. Defendants ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct which subjected Plaintiff to increased harassment.

77. Defendants' conduct was committed with malice or reckless indifference to Plaintiff's clearly established constitutional or statutory rights (from both the U.S. and Texas Constitutions and from both U.S. and Texas statutes) of which a reasonable person would have been aware.

78. These actions constitute violations of Title VII and were a proximate cause of injuries to Plaintiff. Plaintiff seeks actual and compensatory damages and

exemplary damages.

**B.     Violation of the TCHRA (Texas Labor Code § 21.051) by Harassment.**

79.     Plaintiff incorporates the preceding paragraphs as if fully stated herein.

80.     During Plaintiff's employment with TDCJ, Plaintiff was an employee within the meaning of Texas Labor Code § 21.002(8) and was protected as an employee by Texas Labor Code Ch. 21.

81.     Defendant is an employer within the meaning of Texas Labor Code § 21.002(8).

82.     Defendants' conduct alleged herein constitutes violations of **Texas Labor Code § 21.051** and were a proximate cause of injuries to Plaintiff.  Plaintiff seeks actual and compensatory damages and exemplary damages.

**C.     Violation of the TCHRA (Texas Labor Code § 21.055) by Aiding or Abetting Discrimination**

83.     Plaintiff incorporates the preceding paragraphs as if fully stated herein.

84.     Each Defendants' conduct alleged herein aided or abetted each of the other Defendant's discrimination against Plaintiff and constitutes violation of **Texas Labor Code § 21.055** and was a proximate cause of injuries to Plaintiff.

Plaintiff seeks actual and compensatory damages and exemplary damages.

**D.    Violation of Title VII (42 U.S.C. § 2000e–3(a)) by Retaliation**

85.    Plaintiff incorporates the preceding paragraphs as if fully stated herein.

86.    Plaintiff has suffered tangible adverse employment actions in retaliation for reporting harassment and discrimination based on sex.  Any other reasons by Defendants for the adverse employment action are merely pretexts.

87.    TDCJ fired Plaintiff for complaining about sexual harassment. Any other reasons by defendant for the adverse employment action are merely pretexts. (terminated his employment when he could not return to work after his auto accident)

88.    This conduct constitutes violations of Title VII and was a proximate cause of injuries to Plaintiff.  Plaintiff seeks actual and compensatory damages and exemplary damages.

**E.    Violation of the TCHRA (Texas Labor Code § 21.055) by Retaliation**

89.    Plaintiff incorporates the preceding paragraphs as if fully stated herein.

90.    Defendants' retaliatory conduct alleged above constitutes violations of **Texas Labor Code § 21.055** and were a proximate cause of injuries to Plaintiff.

Plaintiff seeks actual and compensatory damages and exemplary damages.

**F.     Violation of 42 U.S.C. §  1983**

91.     Plaintiff incorporates the preceding paragraphs as if fully stated herein against TDCJ.

92.     At all times relevant thereto, Defendant Phillips acted as TDCJ's employee and Plaintiff's (first-line) supervisor.

93.     Defendant Phillips' alleged-herein conduct violated Plaintiff's rights guaranteed under the statutes cited herein, including 42 U.S.C. § 1983.

94.     Defendant Phillips' alleged-herein conduct was intentional, willful, malicious, and in reckless disregard of Plaintiff's rights as secured by the statutes cited herein, including  42 U.S.C. § 1983

95.     Defendant Phillips' conduct was a proximate cause of injuries to Plaintiff.   Plaintiff seeks actual and compensatory damages and exemplary damages.

**G.     Gender Discrimination and Harassment in Violation of the Equal Protection Clause, 42 U.S.C. § 1983**

96.     Plaintiff restates and re-alleges by references paragraphs 1 through 78 above as though fully set forth herein against Defendants Rutherford and Ham.

97.     Defendants should not discriminate against their employees because

of their gender.

98.    Defendants have an obligation to ensure that their employees are not discriminated against based upon their gender.

99.    Defendants know that employment decisions cannot be made on the basis of an employee's gender.

100.    Defendants know that they have an obligation to ensure that employees are not subjected to a hostile work environment based on gender or to demand sex from any employee, especially in exchange for any benefit of employment.

101.    Defendants know that they have an obligation to ensure that employees are not subjected to a hostile work environment based on the fact that an employee has complained about unlawful conduct, discrimination, and/or a hostile work environment.

102.    Defendants should have a policy against discrimination and harassment.  Defendant Phillips taught sexual harassment seminar after Plaintiff reported it.

103.    Defendants violated that policy by discriminating against Plaintiff based upon his gender and by subjecting Plaintiff to a hostile work environment.

104.    Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that

altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

105.    Defendants subjected Plaintiff to discriminatory treatment based on his gender, including but not limited to, those incidents identified above, and further; being denied raises and promotions and treated differently in the terms and conditions of his employment.

106.    Defendants' actions reflect a policy, custom or pattern of official conduct of engaging in and condoning discrimination of men based on their gender and a hostile work environment.

107.    Defendants' actions were committed and/or condoned by those with final policy making authority.

108.    The individual Defendants have acted under color of state law at all material times here to.

109.    The actions of Defendants against Plaintiff violated his equal protection right to be free from sexual harassment and discrimination under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

110.    The actions of Defendants were intentional, willful and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C. § 1983.

111.    The actions of Defendants in intentionally engaging in and condoning

discrimination and the hostile work environment against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, and other consequential damages.

112. Defendant's wrongful acts constitute a violation of 42 U.S.C. § 1983 in that the Defendant, acting under color of law as a municipal corporation and officials empowered by that municipality, willfully and intentionally violated Plaintiff's civil rights as guaranteed by the Constitution of the United States, for which the suit seeks redress.

113. Plaintiff has been legally, proximately and substantially injured by this wrongful conduct. Among other things, Plaintiff's reputation has been severely damaged, limiting his opportunities for other employment. In addition, Plaintiff' has suffered emotional distress and related medical expenses. Plaintiff seeks actual and compensatory damages.

## H.    ASSAULT AND BATTERY

114. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein.

115. Defendants intentionally, knowingly, or recklessly made contact with Plaintiff's person or threatened Plaintiff with imminent bodily injury which caused

injury to Plaintiff.  Plaintiff suffered damages for which Plaintiff herein sues.

## I.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

116.  Plaintiff incorporates the preceding paragraphs as if fully stated herein.

117.  Defendants' alleged-herein conduct was so extreme and outrageous that it exceeded the boundaries of human decency and was beyond pale of conduct tolerated in a civilized society.  This conduct was intended to cause severe emotional distress, or was done in reckless disregard of the probability of causing severe emotional distress.

118.  As an actual and proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer severe and continuous humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in an amount at the time of trial.

119.  Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, and intentional manner to injure and damage Plaintiff, he is entitled to recover punitive damages from

Defendants in an amount.

## J.    INVASION OF PRIVACY

120.    Plaintiff incorporates the preceding paragraphs as if fully stated herein.

121.    By Defendants' alleged-herein conduct, Defendants intentionally invaded Plaintiff's privacy by intruding on his solitude, seclusion, or private affairs. This invasion was highly offensive to Plaintiff and would be highly offensive to a reasonable person.   Plaintiff was injured because of the conduct of Defendant. Plaintiff suffered damages for which Plaintiff herein sues.

## K.    DEFAMATION

Plaintiff incorporates the preceding paragraphs as if fully stated herein.

122.    Defendants caused to be published false and unprivileged communications tending directly to injure Plaintiff in his business and professional reputation.

123.    Defendants' defamatory statements were designed and intended to diminish Plaintiff's reputation and injure Plaintiff in his good name and employment.

124.    As a proximate result of the defamatory statements made by Defendant as aforesaid, Plaintiff has suffered injury to his business and professional reputation, and further has suffered and continues to suffer

embarrassment, humiliation, and anguish.

125.    Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.  Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, and intentional manner to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants.

126.    Plaintiff incorporates the preceding paragraphs as if fully stated herein.

127.    There was a contract or contractual relationship between Plaintiff and TDCJ that was subject to interference.    Defendant Phillips willfully and intentionally interfered with this contract and such interference was the proximate cause of Plaintiff's damages for which Plaintiff herein sues.

## **RELIEF SOUGHT**

## L.    DAMAGES

128.    Defendants' alleged-herein conduct proximately caused Plaintiff to suffer or will cause Plaintiff to suffer the following damages for which Plaintiff seeks recovery herein:

- Loss of earnings in the past;

- Loss of earning capacity that will, in all probability, be incurred in the future; he does have a rod in his back

- Property damage;

- Deprivation of seclusion;

- Loss of time;

- Loss of Consortium (past and future), including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

- Physical pain, discomfort, and suffering (past and future);

- Physical impairment;

- Injury to reputation; and

- Reasonable medical care and expenses (past and future).

## M. ATTORNEY FEES.

129. Plaintiff is entitled to and requests an award of attorney fees, including expert fees, and costs under 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and Texas Labor Code § 21.259.

## N. EXEMPLARY DAMAGES

130. Plaintiff would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference, spite,

evil motive and with a purpose to injure Plaintiff and deny Plaintiff his state-protected rights.

131.     Plaintiff also seeks recovery from Defendants for exemplary damages as provided by 42 U.S.C. § 1981a (1), (b) (other than a government, government agency or political subdivision), Texas Labor Code § 21.2585 other than a respondent that is a governmental entity, and Tex. Civ. Prac. & Rem. Code 41.003 non-government entities to punish Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future.

## PRAYER FOR RELIEF

Plaintiff prays that Defendants be cited to appear and answer herein, and that on a final hearing of the cause, judgment be entered for Plaintiff against Defendants for:

132.     Compensatory damages (past and future), including but not limited to: lost back pay and front pay, lost employment benefits and future lost earnings and employment benefits ("employment benefits" include, but are not limited to: sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.); lost equity, economic losses, pain and suffering, emotional pain and suffering, inconvenience,

mental anguish, and loss of enjoyment of life;

133.    exemplary damages;

134.    restitution and/or disgorgement;

135.    costs of suit and reasonable attorneys' fees;

136.    prejudgment and post-judgment interest at the maximum rate allowed by law; and

137.    all other legal and equitable relief the Court deems appropriate.

## PRAYER

Plaintiff respectfully prays that this Court grant the following relief:

Enter a judgment that Defendant's acts as set forth herein are in violation of the laws of the State of Texas and the United States;

138.    award Plaintiff lost wages, including back pay, front pay and lost fringe benefits;

139.    compensatory damages;

140.    the costs of this action, including the fees and costs of experts, together with reasonable attorneys' fees;

141.    pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

142.    costs of court; and

143.    grant Plaintiff such other and further relief as this Court finds

necessary and proper and to which Plaintiff may be justly entitled.

144.     Plaintiff prays that this Court enter an Order providing that:

## **JURY DEMAND**

145.     Plaintiff requests a trial by jury on all issues triable by a jury in this case.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

LAXTON LAW PLLC
22704 Loop 494, Suite C
Kingwood, Texas 77339
Tel. (281) 570-2588
Fax. (877) 224-5283

By: */s/ Delona Laxton*

Delona Laxton
Laxton Law PLLC
Texas Bar No. 24078837
Federal Bar No. 1384440
delona@laxtonlaw.com
Associate Attorney for James Burnett

Harry Laxton
Texas Bar No. 12061762
Federal Bar No.  906711
hlaxton@intellectual-property-laxton.com
Lead Attorney for James Burnett