IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES BURNETT, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-00664 |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE | § | |
| and BRENDA PHILLIPS, | § | |
| | § | JURY TRIAL DEMANDED |
| *Defendants* | § | |

**.PLAINTIFF'S FIRST AMENDED COMPLAINT**

1.   This action concerns Defendants' unlawful employment acts against Plaintiff, who was an employee of Defendant Texas Department of Criminal Justice ("TDCJ"). Defendants' conduct violated many statutes and Constitutional Amendments, including but are not limited to:

- Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII");

- Texas Labor Code Ch. 21, also known as the Texas Commission on Human Rights Act ("TCHRA");

- 42 U.S.C. § 1983;

- the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

- the Equal Protection Clause of the Texas Constitution, Art. I, § 3.

2.     Plaintiff was subjected to sexual harassment and a hostile working environment and then was retaliated against for complaining about same.

3.     Defendants' actions as alleged herein constitute a continuing violation.

4.     Defendant Brenda Phillips is an employee of TDJC and first line supervisor above Plaintiff.

5.     Plaintiff satisfactorily performed his job duties at all times during his employment.

6.     The incidents described herein occurred in Huntsville, Texas.

## PARTIES

7.     Plaintiff James Burnett is a resident of Louisiana.

8.     Defendant Texas Department of Criminal Justice ("TDCJ") is an agency of the state of Texas located in Austin, Travis County, Texas; has been properly served; and has filed an answer (Docket No. 12) in this lawsuit.

9.     At all relevant times, Defendant TDCJ has continuously been and is now doing business in the state of Texas, Walker county, and the city of Huntsville, Texas and has continuously had at least 15 employees, in fact more than 500 employees.

10.   At all relevant times, Defendant TDCJ has continuously been an employer engaged in an industry affecting commerce under §§ 701(b), (g) and (h)

of Title VII, 42 U.S.C. § 2000e- (b), (g) and (h).

11.   Defendant, Texas Department of Criminal Justice (TDCJ), is an agency of the state of Texas located in Austin, Travis County, Texas. Defendant, TDCJ, is an "employer" as defined by Texas Labor Code §21.002.

12.   Whenever in this Complaint it is alleged that TDCJ committed any act or omission ("conduct" as used herein includes acts and omissions), it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification, or consent of Defendant or was done in the course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

13.   Defendant Brenda Phillips is a resident of Texas; has been properly served; and has filed an answer (Docket No. 12) in this lawsuit. As to Phillips, this suit is against Defendant Phillips in both her individual and official capacities.

## JURISDICTION AND VENUE

14.   This Court has subject matter jurisdiction in this case under 28 U.S.C. § 1331 because claims herein arise under laws of the United States, as alleged herein (see paragraph 1 herein, for example).   Further, this action is authorized and instituted pursuant to § 706(1)(f) and (3) of the Civil Rights Act of 1964, as

amended, ("Title VII"), § 2000e-5(f)(3) because alleged unlawful employment practices were committed in this district.

15.   The Plaintiff worked for defendant at its location in Huntsville, Walker County, Texas, within this district and the herein-alleged Defendants' conduct occurred in that county.

16.   The Court also has jurisdiction to hear this matter under the Texas Commission on Human Rights Act ("TCHRA"), which expressly waives sovereign immunity otherwise enjoyed by Texas municipalities for lawsuits involving employment discrimination and retaliation. Similarly, sovereign immunity is abrogated by 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 12202 ("ADA"), 29 U.S.C. § 2601 et seq. ("FMLA"), and 42 U.S.C. § 1983 ("§ 1983").

17.   This Court has jurisdiction over all claims in this action.

18.   This Court has personal jurisdiction over Defendants because Defendants maintain sufficient minimum contacts with the state of Texas and this judicial district.   This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with the state of Texas and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

19.   Venue is proper in this judicial district, under 28 U.S.C. § 1391(b) because the acts, omissions, and events giving rise to the herein-alleged causes of

action occurred in this judicial district.

20.  Venue is proper in this district, pursuant to 42 U.S.C. § 2000e(5) because it is the district in which the unlawful employment practice was committed, the judicial district in which the employment records relevant to such practice are maintained and administered, and the judicial district in which the aggrieved person worked or would have worked but for the alleged unlawful employment practice.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.  All conditions precedent to the institution of this lawsuit have been fulfilled.  Plaintiff timely filed charges of discrimination regarding the herein-alleged conduct with the Texas Workforce Commission ("TWC"), Civil Rights Division, and because of a "Work-sharing Agreement" between the two agencies, filing a complaint with the TWC also equates to filing with the Equal Employment Opportunity Commission ("EEOC"). *Cisneros v. DAKM, Inc.*, Civ. Act. No. 7:13-CV-556, 2014 U.S. Dist. LEXIS 8160, at *6 (S.D. Tex. Jan. 23, 2014).  Those charges were filed more than 180 days prior to Plaintiff filing this lawsuit and less than two years prior to Plaintiff filing this lawsuit.

22.  Plaintiff requested a right to sue letter on multiple occasions and each time he was denied the request.  On March 11, 2016 at 4:51 P.M. the Texas

Workforce Commission issued a Right to file Civil Suit to Plaintiff.

## STATEMENT OF CLAIMS

23.  Plaintiff began working for Defendant TDCJ as a Correctional Officer in October 2012.

24.  From August 1, 2013 to January 14, 2014, Defendant Sergeant Brenda Phillips ("Defendant Sgt. Phillips") sexually harassed Plaintiff.  Defendant Sgt. Philips was Plaintiff's first line supervisor and he feared some form of retaliation. He avoided the Sergeant and walked away from her when she made her advances towards him.

25.  Sometime on the night of August 30th or the morning of the 31st, 2013, Sgt. Phillips reached into his pocket and grabbed his groin.  Plaintiff pulled away from Phillips and left the area.

26.  He felt sick from the embarrassment so he went to the medical department and told the on-duty nurse how he was feeling sick.  The nurse examined him and said his blood pressure was up and he needed to calm down.  He went to the searchers desk and tried to calm down.  This was the first physical reaction to the unwanted sexual harassment.

27.  Within an hour, Plaintiff and Officer J. Little, who said Defendant Sgt. Phillips had acted similarly toward him, reported Defendant Sgt. Phillips' actions

to Sgt. Gundacker who said he would to report it to Lieutenant Burleyson.

28. Sergeant Gundacker stated he reported the conduct to Lieutenant Burleyson.

29. Lieutenant Burleyson claimed it was hearsay and not reportable.

30. Having reported the incident to a superior officer, Plaintiff hoped that there would be no further similar interactions with Phillips.

31. The sexual harassment continued through the remainder of August and throughout September.

32. Plaintiff subsequently filed an internal EEO complaint on September 18, 2013. Defendant TDCJ's internal investigative documents dated September 20, 2013, showed that its intake officer suggested Plaintiff's claim be referred to internal fact finding for a possible violation of PD-22, Rule #50 (Discourteous Conduct of a Sexual Nature) or PD-13 (Sexual Harassment and Discourteous Conduct of a Sexual Nature).

33. The sexual harassment continued even after the complaint was filed.

34. Defendant Sgt. Phillips "fished" keys out of Plaintiff's pocket without asking him for them.

35. Defendant Sgt. Phillips stuck her right hand inside Plaintiff's right pocket, and then grabbed Plaintiff's butt on the outside with her left hand.

36. Defendant Sgt. Phillips would rub her right hip against Plaintiff's left hip

and stand close and rub against him.

37.  Defendant Sgt. Phillips reached over and grabbed his belt in the front of his pants reaching inside the belt, trying to pull his belt off, laughing the whole time.

38.  Defendant Sgt. Phillips asked Plaintiff if he thought anyone would say anything if she threw him down in the hallway and raped him.

39.  Defendant Sgt. Phillips told Plaintiff, "Boy, if you only knew what I could do to you."

40.  Defendant Sgt. Phillips did these things in front of other employees as well as prisoners which undermined his authority and, thus, safety as a guard and further humiliated him when the prisoners made comments about the harassment.

41.  The employee witnesses include Officers Anthony Valenti, and Ian Hollera who reported that they witnessed Phillips grab Plaintiff's buttocks and genitals.   Officers J. Little, K. Cooksey, G. Broudeau, and K. Lewis provided witness statements.

42.  Plaintiff complained to Lieutenant Landrum, Sergeant Gundacker, Captain Burleyson and Captain Norman.

43.  To add to the humiliation, Plaintiff was required to attend sexual harassment training with Defendant Sgt. Phillips as the instructor.

44.  Captain Norman stated he knew what was going on and waited for

Plaintiff in the parking lot so Plaintiff would not be alone with Defendant Sgt. Phillips. He later told Plaintiff after being notified that Plaintiff would be interviewed by an EEO investigator that Plaintiff should make sure to tell the truth.

45.   The first trip to the hospital occurred after Plaintiff had once again been subjected to the sexual assault by Defendant Sergeant Phillips.  Plaintiff passed out and was taken to Huntsville Memorial Hospital.  When the hospital questioned Plaintiff about payment for services, the employee with Plaintiff contacted the unit and the shift supervisor, Lieutenant D. Landrum, who said the episode, was not a work related illness and that a workers compensation report would not be filed. Plaintiff incurred the expense for the medical service.

46.  Human resources notified Plaintiff that they were investigating his complaint after that incident.

47.   During the next month the rumors began that Plaintiff, a man had filed a sexual harassment claim against Defendant Sgt. Phillips.  Plaintiff believed that only the supervisors were aware of the report to the EEO section.   Plaintiff informed the EEO Investigator that the supervisors were talking about the situation and were making comments to Plaintiff.  He was embarrassed and humiliated.

48.  On November 4th, Plaintiff was confronted by another correctional officer at an annual in-service training/fitness test.  The officer asked about the situation, which Plaintiff thought was confidential, focusing on how a man could

be sexually harassed by a woman.  Plaintiff once again felt an extreme amount of humiliation and extreme stress which caused him to pass out.

49.  Plaintiff was taken to Huntsville Memorial Hospital via ambulance. Warden C. Lacox and Captain J. Burleyson were there at the emergency room, and Plaintiff did not feel comfortable speaking with the doctor concerning what he believed to cause his stress for fear of retaliation for blaming a supervisor as the cause of his condition.

50.  Sergeant A. Dillard arrived and completed the required workers compensation packet and Plaintiff told Dillard that he thought his illness was related to the questioning by other staff about the sexual harassment.  Sergeant Dillard claimed she had reported the harassment and that he was to tell any who asked about it to mind their own business.

51.  After the required documents were completed, the Texas Department of Criminal Justice (TDCJ) officials left the hospital.  Plaintiff was admitted overnight and was not further evaluated by a doctor until the next morning when he felt comfortable enough to speak frankly to the physician about what he believed was happening to him.

52.  Plaintiff returned to full duty on November 8, 2013.

53.  Workers' Compensation denied his claim on November 13, 2013.

54.  The harassment continued in a variety of forms specifically expanding to

comments like "you know you like it," from other officers as well as comments from the prisoners which were especially devastating because it undermined his authority with them.

55.  Plaintiff suffered from intense anxiety and fear of returning to work each day.

56.  On December 7, 2013, Plaintiff became so anxious and afraid of returning to work that while he was driving to work "blacked out" and flipped his truck several times.  Plaintiff's back was broken in the accident and now has a steel rod to stabilize his back.

57.  Plaintiff sought the help of a psychologist and worked to put all of the pain behind him.

58.  Plaintiff thought it was behind him but Human resources once again contacted Plaintiff and told him they were reinvestigating the allegations because they had "messed up."

59.  The pain and anxiety returned with the phone calls from the investigator who asked the same questions made him relive the harassment.

60.  When he asked why he had to go through all of this all over again they told him that they had "messed up" the first investigation.

61.  Plaintiff filed complaint with TWC on March 14, 2014.

62.  Plaintiff continues to have sleep issues and he is permanently disabled

because of the accident.

63.   Defendant TDJC turned a blind eye to the harassment and to add insult to injury, Plaintiff was humiliated when a friend told him the Warden's secretary gossiped about the whole situation at a Girl Scout Leaders' Meeting.

64.   TWC's finding of cause is attached as Exhibit 1 and the findings are incorporated here.

## CAUSES OF ACTION

**A.   Violation of Title VII (42 U.S.C. § 2000e–2(a)) by Sexual Harassment and Hostile Work Environment.**

65.   The preceding paragraphs are incorporated herein as if set forth in full.

66.   At all relevant times, Plaintiff is and was an employee protected under Title VII, 42 U.S.C. § 2000e (f).

67.   At all relevant times, Defendant TDCJ is and was an employer within the meaning of Title VII, 42 U.S.C. § 2000e (b).

68.   At all relevant times, Defendant Phillips is and was an employee of Defendant TDCJ.

69.   Defendant TDCJ intentionally engaged in unlawful employment practices involving Plaintiff because he is a male.

70.   Defendant TDCJ subjected Plaintiff to severe sexual harassment based on his sex during his employment with TDCJ that was both offensive and unwelcome.

71.   Defendant intentionally discriminated against Plaintiff by creating a sexually hostile work environment.

72.   Any reasonable person would have felt that he was being subjected to a sexually hostile work environment because of Defendant TDCJ's conduct.

73.   The sexual harassment altered a term, condition or privilege of Plaintiff's employment and altered a term, condition or privilege of his employment.

74.   Defendant TDCJ failed to take any corrective actions to remedy the sexually hostile work environment to which Plaintiff was exposed after having notice, through Plaintiff's as well as others' complaints, of the sexual harassment. Defendant TDCJ knew or should have known of the harassment but failed to take reasonable, prompt, remedial action to eliminate it

75.   Defendant TDCJ did not exercise reasonable care to prevent and cure allegations of sexual harassment.  Defendant TDCJ ratified the wrongful conduct complained of in this First Amended Complaint by failing to take appropriate remedial action after becoming aware of the conduct which subjected Plaintiff to increased harassment.

76.   Defendant TDCJ's conduct was intentional, motivated by evil motive or intent, willful and malicious, and/or in reckless or callous indifference to Plaintiff's clearly established constitutional or statutory rights (from both the U.S. and Texas Constitutions and from both U.S. and Texas statutes) of which a reasonable person

would have been aware.

77.  These actions constitute violations of Title VII and were a proximate cause of injuries to Plaintiff.  Plaintiff seeks actual and compensatory damages against Defendant TDCJ.

**B.   Violation of the TCHRA (Texas Labor Code § 21.051) by Harassment.**

78.  Plaintiff incorporates the preceding paragraphs as if fully stated herein.

79.  During Plaintiff's employment with TDCJ, Plaintiff was an employee within the meaning of Texas Labor Code § 21.002(8) and was protected as an employee by Texas Labor Code Ch. 21.

80.  At all relevant times, Defendant is and was an employer within the meaning of Texas Labor Code § 21.002(8).

81.  Defendant TDCJ's conduct alleged herein constitutes violations of Texas Labor Code § 21.051 and were a proximate cause of injuries to Plaintiff.  Plaintiff seeks actual and compensatory damages against Defendant TDCJ.

**C.   Violation of the TCHRA (Texas Labor Code § 21.055) by Aiding or Abetting Discrimination**

82.  Plaintiff incorporates the preceding paragraphs as if fully stated herein.

83.  Defendant TDCJ's conduct alleged herein aided or abetted person's discrimination against Plaintiff and constitutes violation of Texas Labor Code §

21.055 and was a proximate cause of injuries to Plaintiff.  Plaintiff seeks actual and compensatory damages against Defendant TDCJ

### D.   Violation of Title VII (42 U.S.C. § 2000e–3(a)) by Retaliation

84.   Plaintiff incorporates the preceding paragraphs as if fully stated herein.

85.   Plaintiff has suffered tangible adverse employment actions in retaliation for reporting harassment and discrimination based on sex.  For instance, TDCJ fired Plaintiff for complaining about sexual harassment. Any other reasons by Defendants for the adverse employment actions are merely pretexts.  This conduct constitutes violations by Defendant TDCJ of Title VII and was a proximate cause of injuries to Plaintiff.  Plaintiff seeks actual and compensatory damages against Defendant TDCJ.

### E.   Violation of the TCHRA (Texas Labor Code § 21.055) by Retaliation

86.   Plaintiff incorporates the preceding paragraphs as if fully stated herein.

87.   Defendant TDCJ's retaliatory conduct alleged above constitutes violations of Texas Labor Code § 21.055 and were a proximate cause of injuries to Plaintiff.   Plaintiff seeks actual and compensatory damages against Defendant TDCJ.

**F.    Violation of 42 U.S.C. §  1983**

88.   Plaintiff incorporates the preceding paragraphs as if fully stated herein.

89.   At all times relevant thereto, Defendant Phillips acted as TDCJ's employee and Plaintiff's (first-line) supervisor.

90.   Defendant Phillips's alleged-herein conduct violated Plaintiff's rights guaranteed under the statutes cited herein, including 42 U.S.C. § 1983.

91.   Defendant Phillips's alleged-herein conduct was intentional, willful, malicious, and in reckless disregard of Plaintiff's rights as secured by the statutes cited herein, including  42 U.S.C. § 1983.

92.   Defendant Phillips's conduct was a proximate cause of injuries to Plaintiff, for which, under 42 U.S.C. § 1983 combined with the other statutory and Constitutional violations alleged herein (i.e., those rights enforced through and with § 1983), Phillips is liable in her individual capacity .  Plaintiff seeks actual and compensatory damages and exemplary damages against Phillips in her individual capacity.

**G.    Gender Discrimination and Harassment in Violation of the Equal Protection Clause, 42 U.S.C. § 1983**

93.   Plaintiff incorporates the preceding paragraphs as if fully stated herein.

94.   Phillips should not have discriminated against and should have known not to discriminate against Plaintiff because of his gender.

95.   Defendants know that employment decisions cannot be made on the basis of an employee's gender.

96.   Defendants have a stated policy against discrimination and harassment. Defendant Phillips taught sexual harassment seminar after Plaintiff reported it.

97.   Phillips violated that policy by discriminating against Plaintiff based upon his gender and by subjecting Plaintiff to a hostile work environment.

98.   Phillips intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a hostile and abusive work environment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

99.   Phillips subjected Plaintiff to discriminatory treatment based on his gender, including but not limited to, those incidents identified above, and further; being denied raises and promotions and treated differently in the terms and conditions of his employment.

100.   Phillips's actions, including similar conduct directed to others besides Plaintiff, reflect a policy, custom or pattern of official conduct of engaging in and condoning discrimination of men based on their gender and a hostile work environment.

101.   Phillips's actions were committed and/or condoned by agents, employees, and representatives of TDCJ who had and have policy-making

authority.

102.  Defendant Phillips acted under color of state law at all material times here to.

103.  The actions of Phillips against Plaintiff violated his equal protection right to be free from sexual harassment and discrimination under the Fourteenth Amendment of the U.S. Constitution and 42 U.S.C. § 1983.

104.  Phillips' actions were intentional, motivated by evil motive or intent, willful and malicious, and/or in reckless or callous indifference for Plaintiff's rights under federal law.

105.  Defendants' actions in intentionally engaging in and condoning discrimination and the hostile work environment against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, and other consequential damages.

106.  Phillips's wrongful acts constitute a violation of 42 U.S.C. § 1983 in that she, acting under color of law, willfully and intentionally violated Plaintiff's civil rights as guaranteed by the Constitution of the United States, for which the suit seeks redress.

107.  Plaintiff has been legally, proximately and substantially injured by this wrongful conduct.  Among other things, Plaintiff's reputation has been severely

damaged, limiting his opportunities for other employment.   In addition, Plaintiff'

has suffered emotional distress and related medical expenses.  Plaintiff seeks actual

and compensatory damages and exemplary damages against Phillips in her

individual capacity.

## JURY DEMAND

108.   Plaintiff requests a trial by jury on all issues triable by a jury in this

case.  Plaintiff has also endorsed this demand on the caption of this Complaint in

accordance with Federal Rule of Civil Procedure 38(b).

## RELIEF SOUGHT

### A. COMPENSATORY DAMAGES

109.   Defendants' alleged-herein conduct proximately caused Plaintiff to

suffer or will cause Plaintiff to suffer the following damages for which Plaintiff

seeks recovery herein:

- lost back pay and front pay,

- lost employment benefits and future lost earnings and employment benefits
  ("employment benefits" include, but are not limited to: sick leave pay,
  vacation pay, profit sharing benefits, stock options, pension fund benefits,
  housing or transportation subsidies, bonuses, monetary loses incurred as a
  result of loss of health, life, dental, or similar insurance coverage.);

Plaintiff's First Amended Complaint                                          19

- reasonable medical and mental healthcare and expenses;

- physical impairment;

- economic losses;

- property damage;

- loss of time;

- pain and suffering;

- emotional pain and suffering;

- loss of consortium;

- injury to reputation;

- inconvenience;

- mental anguish; and

- and loss of enjoyment of life.

## B.  ATTORNEY FEES, EXPERT FEES, COSTS, AND INTEREST.

110.  Plaintiff is entitled to and requests (against Defendants) an award of attorney fees, including expert fees, and costs under, e.g., 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, and Texas Labor Code § 21.259.

111.  Plaintiff is entitled to and requests (against Defendants) prejudgment and post-judgment interest at the maximum rate allowed by law.

## C.    EXEMPLARY DAMAGES

112.    Plaintiff also seeks recovery from Defendant Phillips, in her individual capacity, for exemplary damages under 42 U.S.C. § 1983.

## D.    OTHER RELIEF

113.    Plaintiff also requests (against Defendants) all other legal and equitable relief the Court deems appropriate.

Respectfully Submitted,

LAXTON LAW PLLC
22704 Loop 494, Suite C
Kingwood, TX 77339
Tel: (281) 570-2588
Fax: (877) 224-5283

By: _____

Harry Laxton Jr.
Texas State Bar No. 12061762
Texas Southern District Bar No. 906711
hlaxton@intellectual-property-laxton.com

Delona Laxton
State Bar No. 24078837
Texas Southern District Bar No. 1384440
delona@laxtonlaw.com

ATTORNEYS FOR PLAINTIFF

## Certificate of Service

I hereby certify on May 25, 2016, I am causing this instrument to be served by the ECF system from the Southern District of Texas to all counsel of record.

_____

Harry Laxton Jr.